## ALSOP *v.* HUTTON.

EVIDENCE.—Although, upon a trial of a cause, immaterial evidence is admitted to the jury, the court of errors will not reverse the judgment, unless it clearly appears that the opposite party has been prejudiced or injured thereby.

INSTRUCTIONS TO JURY.—While the district court may have erred in refusing to give to the jury a certain instruction requested by defendant, as to the form of their verdict, if they found for the defendant in an action for replevin, yet if the jury find for the plaintiff, the defendant cannot be injured by the refusal of the court to give such instruction, and the judgment should not be interfered with.

ERROR to the District Court of Albany County.

This was an action in replevin, brought in the district court of Albany county, to the February term, A. D. 1875, by Charles H. Hutton *v.* Thomas Alsop and George Alsop, for the recovery of a certain lot of fencing poles, posts and wires for the construction of a fence; that one of the employees of Thomas Alsop tore down the said fence and hauled the poles, posts, etc., to the premises occupied by George Alsop; that upon the poles, posts, etc., being so hauled away, Mr. Hutton commenced his action in the district court against both the Alsops, and a writ of replevin was placed in the hands of the sheriff of Albany county, and

he served the said writ and took possession of the property described in the writ. The case was tried in the district court, and the jury found for the plaintiff in that court, and assessed his damages at twenty-five dollars against George Alsop, one of the defendants, and found that Thomas Alsop was not a party to the action. The defendant, in the district court, reserved exceptions to the admission of certain evidence, only claiming, however, that the evidence offered and objected to was irrelevant and immaterial, and not that it prejudiced the rights of defendants. The principal exceptions, and those mostly relied upon, were to the instructions of the court on behalf, and others refused as asked for, on the part of the defendants.

*M. C. Brown,* for the plaintiff in error.

This case is brought here by petition in error from the district court of the second judicial district of Albany county. The action in court below was replevin, brought by Charles H. Hutton, defendant in error, against Thomas Alsop and George Alsop, to recover the possession of a certain lot of fencing alleged to be in the said defendants' possession and wrongfully detained by these said defendants. The answer denies all the allegations of the petition, sets up property in a third party, to wit: McIntosh, and claims damages for loss of time, etc., for defending suit and for attorney's fees. Verdict was returned by the jury on issue joined against George Alsop for twenty-five dollars. Motion to set aside said verdict was refused by the court below, and judgment ordered by the court on the said verdict and for costs of suit. To reverse this judgment against George Alsop this action is brought here.

The plaintiff in error to recover this judgment will rely chiefly on this point, to wit: That the court below erred in refusing to set aside the verdict and grant a new trial of this action, because the verdict is contrary to the law as given by the court in its instruction, and against the

weight of evidence in the case. It is admitted that a court will not disturb the verdict of a jury, unless the jury have manifestly returned the verdict against the instructions of the court and against the weight of evidence in the case; but if the verdict is so against the evidence, and the law as given by the court, it is the simple duty of the court to set it aside, and it is error if the court fails so to do, and the judgment should be reversed. The record evidence shows: Three witnesses swear that George Alsop, plaintiff in error, was not in possession of the property, and there was no right of action against him, and no one swears that he was in possession or connects him with unlawful detention of property in question.

There is no evidence showing demand on either of the Alsops for property before suit, and no wrongful taking, therefore no action could be maintained against either of the Alsops.

*J. W. Kingman,* for the defendant in error.

By the Court, FISHER, C. J.: The record in this case does not show, nor indeed is it alleged, that the ruling of the court in permitting the evidence complained of to go to the jury, in any way operated to the injury of the defendants in this action, and all that can be said against the action of the court in this respect, is that immaterial evidence was admitted. And by the one hundred and thirty-fourth section of the civil code of this territory, it is provided, that "The court in every stage of action must disregard any error or defect in the pleading or proceedings, which does not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason of such error or defect."

So that we fail to see how the aid of this court can be invoked to cure the defect complained of. The exceptions to the instructions asked for on the part of the plaintiff, and given we think, presents no error that calls for our interfer-

ence. And those which the court refused to give as asked for on the part of defendants, although not given as asked for, are substantially given by the court in its instructions to the jury at the close of the argument; so that everything asked for is given except one in which the court was asked to instruct the jury to find attorney fees for defendants if they should obtain a verdict. It is true that section 180 of the code of 1873 allows and requires defendants attorney fee when the jury finds for defendant, either that he had at the time of the commencement of the action the right of property or the right of possession; and while we do not clearly see why the court below refused to give this instruction, yet, inasmuch as the jury found for the plaintiff, we cannot see that the defendant has any cause to complain of the court in refusing to give the instruction.

We therefore find nothing in the record of which the defendant has any legal grounds of complaint, the whole matter having been fairly committed to the jury who found under the facts as given to them.

The judgment is affirmed.